UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CRAIG MINOR,                                     (AMENDED)
          Plaintiff,                        COMPLAINT

  -against-

NEWMAN & LICKSTEIN,               Index No. 6:06-cv-219

  -and against-

POWER FEDERAL CREDIT UNION       Jury Demand

          Defendant.

---

NOW COMES THE PLAINTIFF, CRAIG MINOR, by and through his attorney, RICHARD L. DIMAGGIO, and complains of the defendants, and each of them, as follows:

**Count 1**

FDCPA – 15 USC 1692

1. At all times herein, the Plaintiff, CRAIG MINOR ("Minor"), is a natural person, residing at 184 Victoria Drive, Utica, NY. For the record, Mr. Minor is the deputy courtroom clerk for the Hon. David N. Hurd.

2. The defendant NEWMAN & LICKSTEIN ("Newman") is, upon information and belief, a law firm duly licensed to practice law in the State of New York, with a place of business located at 235 East Water Street, Syracuse, NY 13202. Defendant is a debt collector and is in the practice of collecting debts, as that term is defined by 15 U.S.C. 1692 *et. seq*.

3. The defendant POWER FEDERAL CREDIT UNION ("Power") is a federally chartered credit union, with a place of business located at 1928 Genesee Street, Utica, NY.

## PRELIMINARY STATEMENT

4. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, a strict liability statute that governs the actions of third party debt collectors. The defendant Power is brought in pursuant to negligence and vicarious liability.

## STATEMENT OF FACTS

5. This lawsuit arises out of a case of mistaken identity, and the reckless and wanton and intentional issuance of a restraining notice against plaintiff's bank account for an alleged debt that is not his.

6. Defendants issued a blanket restraining notice against Plaintiff herein for a debt that was not his, and for which he had no interest in, and for which no judgment had been entered against him for.

7. That this debt was not his was at all times easily verifiable by defendants herein, but they negligently and intentionally issued the restraining order against his bank account nonetheless.

8. As a result, plaintiff's entire bank account was frozen, several checks bounced, cable television was disconnected, and several fees and money damages were incurred herein, and he suffered harm in the community.

9. The reckless issuance of a restraining order against an incorrect consumer is a violation of 15 USC 1692 and 1692e.

**WHEREFORE**, as to Count I, Plaintiff prays for a right to a trial by jury, damages pursuant to 15 USC 1692k, compensatory damages, costs and attorney fees.

### Count II

### Negligence

10. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 9 as if fully set forth herein.

11. At all times herein, defendants and each of them had a duty to plaintiff to protect his account from the wrongful issuance of process.

12. Defendants, and each of them, were negligent in the care, custody and control of plaintiff's bank account, and breached that duty, and together are the direct and proximate cause of plaintiff's damages.

13. Defendants, and each of them, are vicariously liable for the acts of each other.

**WHEREFORE**, as to Count II, Plaintiff prays for a right to a trial by jury, compensatory damages, punitive damages, costs and attorney fees.

### Count III

### Conversion

14. Plaintiff repeats and realleges the allegations in paragraphs 1 thru 13 as if fully set forth herein.

15. At all times herein, defendants willfully, maliciously and negligently froze the incorrect bank account of a consumer.

16. Defendants knew or should have known that the funds they were freezing did not belong to the judgment debtor.

17. They froze said bank account, causing checks to bounce and harm to plaintiff's reputation in the community.

18. That said accounts were a wrongful conversion of plaintiff's bank account and funds.

**WHEREFORE**, as to Count II, Plaintiff prays for a right to a trial by jury, compensatory damages, punitive damages, costs and attorney fees.

Dated:  February 15, 2006

>Richard L. DiMaggio
>*Attorney at Law*
>6 Berkley Rd
>Glenville, NY  12302
>Ph.:  (518) 265-3269
> RichEsq1@verizon.net