UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of NEW YORK

---

CRAIG MINOR,

        Plaintiff,

        v.

NEWMAN & LICKSTEIN and
POWER FEDERAL CREDIT UNION ,

        Defendants.

**ANSWER AND
CROSSCLAIM**

6:06-CV 219

---

Defendant Power Federal Credit Union (hereinafter "Defendant") by their attorneys, Mackenzie Hughes LLP, hereby answers the Complaint of plaintiff as follows:

1.     Defendant admits the allegations in paragraph 1 of the Complaint.

2.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.     Defendant admits the allegations in paragraph 3 of the Complaint.

4.     Defendant denies the allegations in paragraph 4 of the Complaint.

5.     Defendant denies the allegations in paragraph 5 of the Complaint.

6.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.     Defendant denies the allegations in paragraph 7 of the Complaint.

8.     Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.     Defendant denies the allegations in paragraph 9 of the Complaint.

10.    Defendant repeats its responses to each of the paragraphs enumerated by Plaintiff in paragraph 10 of the Complaint.

11.    Defendant denies the allegations in paragraph 11 of the Complaint.

12.    Defendant denies the allegations in paragraph 12 of the Complaint.

13.    Defendant denies the allegations in paragraph 13 of the Complaint.

14.    Defendant repeats its responses to each of the paragraphs enumerated by Plaintiff in paragraph 14 of the Complaint.

15.    Defendant denies the allegations in paragraph 15 of the Complaint.

16.    Defendant denies the allegations in paragraph 16 of the Complaint.

17.    Defendant lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.    Defendant denies the allegations in paragraph 18 of the Complaint.


## First Affirmative Defense

19.    The Complaint fails to state a claim on which relief can be granted.

## Second Affirmative Defense

20.    Plaintiffs' claims are barred by the applicable statutes of limitation.

## Third Affirmative Defense

21.    Defendant is a creditor of the plaintiff, not a debt collector, and is therefore not an entity that is subject to the Fair Debt Collections Act in this action.

## Fourth Affirmative Defense

22.    The plaintiff failed to assert any basis for personal or subject matter jurisdiction over the defendant.

## Fifth Affirmative Defense

23.     Plaintiff failed to take action to mitigate his damages.

## Sixth Affirmative Defense

24.     Plaintiff was negligent in failing to inform the Defendant of his identity in a timely manner.

## Seventh Affirmative Defense

25.     The venue of this action is improper.

## Eighth Affirmative Defense

26.     This court is an inconvenient forum.

## Ninth Affirmative Defense

27.     Even if there was a violation of the Fair Debt Collection Practices Act, it was a single violation.

## Tenth Affirmative Defense

28.     Even if there was a violation of the Fair Debt Collection Practices Act, it was of a technical nature.

## Eleventh Affirmative Defense

29.      Even if there was a violation of the Fair Debt Collection Practices Act, it ceased when it was brought to the debt collector's attention.

## Twelfth Affirmative Defense

30.      Even if there was a violation of the Fair Debt Collection Practices Act, the defendants sought to comply with the law by seeking legal advice.

## Thirteenth Affirmative Defense

31.    Even if there was a violation of the Fair Debt Collection Practices Act, there was a lack of persistent or frequent violations.

## Fourteenth Affirmative Defense

32.    Even if there was a violation of the Fair Debt Collection Practices Act, the Plaintiff was not injured.

## Fifteenth Affirmative Defense

33.    Even if there was a violation of the Fair Debt Collection Practices Act, there was no intent to deceive or harass the plaintiff.

## Sixteenth Affirmative Defense

34.    Even if there was a violation of the Fair Debt Collection Practices Act, such violation was an unintentional violation resulting from bona fide error.

35.    The defendants maintained procedures reasonably adapted to check for and avoid such errors, such errors were unintentional, made in good faith, and resulted from a mistake.

36.    The Defendant is therefore precluded from any liability to the plaintiff by virtue of 15 USC §1692(c).

## Eighteenth Affirmative Defense

37.    Defendant Power Federal Credit Union is not vicariously liable for the actions of Newman and Lickstein.

## Defendant Power Federal Credit Union's Cross-Claim Against Co-Defendant Newman & Lickstein

38.    Defendant repeats the above paragraphs as if fully stated herein.

4

39.     The court has supplemental jurisdiction of this counterclaim under 28 USC 1367(a) because it arises out of the same transaction and occurrence alleged in the plaintiff's complaint so as to form part of the same case or controversy within the meaning of Article III of the Constitution.

40.     Cross-claimant Power Federal Credit Union is entitled to contribution toward or indemnity from Newman & Lickstein on any liability that may be found to exist from Newman & Lickstein to plaintiff in this action as a result of the occurrence made as a basis for of the plaintiff's suit.

41.     The basis of contribution and indemnity is that the law firm of Newman and Lickstein is wholly responsible or responsible in substantial part for the injuries and damages alleged by the plaintiff in his complaint.

42.     On information and belief, Newman and Lickstein is a law firm with offices located at 225 East Water Street, Syracuse, NY 13202.  On information and belief, Newman and Lickstein represents MED-REV Recoveries, Inc.

43.     The defendant contracted with MED-REV Recoveries, Inc., to collect debts for the defendant.

44.     Power Federal Credit Union only has records for one Craig Minor, Jr., who had applied for a car loan in 2003. A copy of the receipt for the car loan application is attached hereto as Exhibit A.

45.     Craig Minor, Jr., failed to pay his loans, and the Defendant repossessed his car. In order to collect on the deficiency, Power Federal Credit Union sent its records to its collection agency, MED-REV Recoveries, Inc. On information and belief, Newman and

5

Lickstein had records for both Craig Minor, Jr. and Craig Minor, Sr., and confused the records and served a restraining notice on the wrong person's bank account.

46.     In this cross-claim, Power Federal Credit Union contends that the sole, or in the alternative, substantial proximate cause of the plaintiff's injuries or damages was the conduct of Newman and Lickstein, and not any act, failure to act, conduct, or condition of property of Power Federal Credit Union.

47.     MED-REV Recoveries had a contractual obligation to only restrain the bank accounts of Craig Minor, Jr., and not restrain the bank accounts of Craig Minor, Sr.

48.     Therefore, under general equitable and contractual principles, and the rules of law governing this action, Power Federal Credit Union is entitled to indemnity, or in the alternative, contribution from Newman & Lickstein for its share of its responsibility for the injuries or damages to the plaintiff as determined by the trier of fact.

**WHEREFORE,** Power Federal Credit Union prays for judgment as follows:

### PRAYER

Defendant prays that:

(a)     Plaintiff takes nothing by its complaint.

(b)     Plaintiff's complaint be dismissed with prejudice.

(c)     Defendant be awarded its reasonable attorney's fees and expenses.

(d)     Defendant be awarded and pre- and post-judgment interest as allowed by law.

(e)     Defendant be awarded costs of this suit.

(f)     That if any judgment is awarded in this action against Power Federal Credit Union in favor of the plaintiff, that Newman & Lickstein be held solely

responsible for plaintiff's damages and injuries and that Power Federal Credit Union recover from and be indemnified by Newman & Lickstein, or, in the alternative, that Power Federal Credit Union have judgment over and against Newman & Lickstein for contribution according to the respective percentages of responsibility determined by the trier of fact.

(g)     Defendant be awarded with such other relief as the Court deems just and proper.

Dated: 3/20/06                                        **MACKENZIE HUGHES LLP**

                                                    /s/  Anthony L. Germano, Esq.
                                                    Anthony L. Germano, Esq.
                                                     agermano@mackenziehughes.com
                                                    P. O. Box 4967
                                                    Syracuse, New York 13221-4967
                                                    Telephone:  (315) 474-7571
                                                    Fax:  (315) 474-1216

                                                    *Counsel for Defendants*